## Spring Township Auditors' Report.

*School law—Directors—Improper contracts—Failure to advertise bids—*
*Surcharge—Minutes.*

1. School directors will be surcharged where they pay a bill for furnaces in
excess of $300, where the contract has not been advertised in the manner pro-
vided by the Act of May 18, 1911, P. L. 309, as amended by the Act of June 10,
1919, P. L. 889.

2. School directors will be surcharged for a bill for coal in excess of $100, where
their minutes fail to show how each member voted on the subject.

3. Under the Act of May 18, 1911, P. L. 309, a school director cannot receive
compensation for services except as provided in the act.

*School law—Auditors—Appeal from audit—Time—Act of May 18, 1911.*

4. The filing of the report of auditors of a school district is not completed until
a copy of the report is filed with the Clerk of the Court of Quarter Sessions. An
appeal taken on the same day that the report is filed with the Clerk is taken in
time.

Appeal from auditors' report. C. P. Snyder Co., Oct. T., 1920, No. 70.

*J. G. Weiser,* for plaintiff; *C. P. Ulrich,* for defendant.

A. W. JOHNSON, P. J., Dec. 27, 1921.—This is an appeal from the report of
the auditors of Spring Township School District, Snyder County, for the
fiscal year beginning the first Monday of July 1919, and ending the first Mon-
day of July, 1920. The auditors approved the receipts and payments of the
school directors, and from their report this appeal has been taken. Testimony
was taken covering the items and the matters in controversy, and, after hear-
ing arguments, the court makes the following

### I. Finding of facts:

1. The School District of Spring Township is a fourth class district.

2. The School Directors of Spring Township for the fiscal year ending the
first Monday of July, 1920, were Jacob A. Wagner, Aaron Moyer, Jerry Koch,
Charles H. Wagner. The term of Peter Rigel, school director and appellant,
ended December, 1919.

3. The auditors of Spring Township audited the finances of the Spring
Township School District on July 5, 1920, and filed one copy of the report with
the secretary of the school board on July 19, 1920, posted six copies in the
district as required by law, and about the same time filed a copy in the office
of the county commissioners instead of with the Clerk of the Quarter Sessions
as regulated by law. On Sept. 6, 1920, a copy of the report was filed with the
Clerk of the Quarter Sessions as required by law.

1 D. & C.

4. An appeal from the report of the auditors of Spring Township School District was filed in the Court of Quarter Sessions of Snyder County by P. F. Rigel, a citizen and taxpayer of said district, on Sept. 6, 1920, which was allowed by the Court of Common Pleas of Snyder County on Sept. 18, 1920, and filed of record to No. 70, October Term, 1920.

5. The auditors allowed in their report the sum of $332.97 "for rent and repairs" for school-houses, of which it appears the sum of $299.41 was expended on the Felker school-house and the sum of $33.56 on the other school-houses in the township. In this amount of $332.97 the sum of $13.75 was paid to Aaron Moyer, one of the school directors, for labor at Felker's school-house, the sum of $10 to Jacob Wagner, one of the school directors, for labor and hauling at Felker's school-house, the sum of $3 to C. H. Wagner, one of the school directors, for labor and hauling at Felker's school-house, and the sum of $4 to Jerry Koch, one of the school directors, for shingles at Felker's school-house.

6. The auditors allowed in their report the sum of $506.64 for "fuel and contingencies," of which the amount of $465.65 was for fuel purchased. Of this amount the sum of $3.15 for hauling coal to Felker's school-house was paid to Jacob A. Wagner, one of the school directors.

7. The minutes of the school board do not show how each member voted on the payment of the sum of $465.65 for fuel purchased as required by the School Code.

8. The auditors allowed in their report the sum of $570 for the purchase of three Buffalo furnaces, without submitting the contract to competitive bids.

9. When the orders were issued to members of the school board as follows: Jerry Koch, $4; C. H. Wagner, $3; Aaron Moyer, $13.75; Jacob Wagner, $3.15, Peter Rigel was not present. According to his positive testimony, he was present at the opening of the meeting, but he retired before the said orders were drawn or acted on.

From the foregoing findings of fact we arrive at the following

## II. Conclusions of law:

1. The evidence does not clearly show that the repairs to the Felker school-house amounted to over $300, and since we have been unable to find as a fact that the cost of the repairs to this school building exceeded $300, the school directors should not be surcharged by failing to award the work to the lowest and best bidder after due public notice.

2. The following payments to the school directors for labor and material for school buildings should not have been allowed: $13.75 to Aaron Moyer, $10 to Jacob A. Wagner, $3 to A. H. Wagner, $4 to Jerry Koch, a total of $30.75, for which the directors must be surcharged.

3. The amount of $465.65 for fuel purchased should not have been allowed, for the reason that the minutes of the school board do not show how each member voted. The school directors must, therefore, be surcharged in this amount.

4. The sum of $3.15 paid to Jacob A. Wagner for hauling coal should not have been allowed, he being a school director. The school directors must be surcharged for this amount.

5. The sum of $570 for three Buffalo furnaces should not have been allowed, for the reason that the contract for the purchase is in excess of $300. The statutory requirement for competitive bids before awarding such contract having been disregarded, the directors must be surcharged for the sum of $570 paid for the furnaces.

We have answered the requests of appellant and the requests of the school directors for findings of fact and conclusions of law, which are filed herewith and made a part of our opinion in this case.

### III. Discussion.

We have tried to find a lawful escape from surcharging these school directors. We find no dishonesty on the part of any of them, but the plain letter of the law has been violated and we are unable to close our eyes to this fact. The courts do not make the law, but declare what the law is, and the law which controls this case is too plain to be mistaken.

The law prohibits school directors from furnishing labor and materials. Section 266 of the School Code of May 18, 1911, P. L. 309, 323, provides as follows: "No school director shall, during the term for which he was elected or appointed, be employed in any capacity by the school district in which he is elected or appointed, or receive from such school district any pay for services rendered to the district except as provided in this act."

As to the item of $465.64 for fuel, section 403 of the School Code of May 18, 1911, P. L. 309, 330, provides that the minutes of the school board must show how each member voted before the board can take action on a number of subjects, among them the purchase of fuel or any supplies, where the amount involved exceeds $100.

As to the item of $570 paid for the three Buffalo furnaces, section 617 of the School Code of May 18, 1911, P. L. 309, 350, as amended by the Act of July 10, 1919, P. L. 889, applies. This section provides that "Every contract in excess of three hundred dollars ($300) made by any school district in this Commonwealth for the introduction of heating, ventilating or repair of any school building, or work upon any school property, shall be awarded to the lowest and best bidder, after due public notice has been given, upon proper terms asking for competitive bids."

The facts as found and the law as quoted have not been seriously disputed by counsel for the school directors. The directors contend that the appeal was not taken in time, that the appeal should have been taken within thirty days after the appellant learned of the action of the auditors and after the filing of the auditors' report with the secretary of the school board and with the county commissioners and the posting of copies in the township. But the filing of the report of the auditors was not completed until a copy of the report was filed with the Clerk of the Quarter Sessions of Snyder County on Sept. 6, 1920. The appeal was taken Sept. 6, 1920, being on the same day the filing of the report was completed according to law. The appeal was, therefore, taken in time: Section 2625 of the School Code, Act of 1911, P. L. 309; section 2626 of the School Code, Act of 1911, P. L. 309.

### IV. Decree.

And now, Dec. 27, 1921, Jacob A. Wagner, C. H. Wagner, Aaron Moyer and Jerry Koch are jointly and severally surcharged as School Directors of Spring Township for the fiscal year ending the first Monday of July, 1920, in the sum of $1069.55, and judgment is directed to be entered for the said school district and against said directors in the amount of $1069.55, with costs. Upon the payments of the amount of this surcharge with costs, the school directors shall be subrogated to the rights of the school district in the three Buffalo furnaces, so that the said directors may remove said furnaces from the school-houses, and thenceforth the title to said furnaces so removed shall be in said directors so charged.